UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

TERRI ESTAY,

                Plaintiff,

                **DECISION AND ORDER**
                09-CV-620A

    v.

MOREN AND WOODS LLC,

               Defendant.

## INTRODUCTION

Plaintiff Terri Estay filed a complaint in this case on July 7, 2009, accusing defendant Moren and Woods LLC of multiple violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692–1692p. Plaintiff served defendant with a summons and complaint, but defendant failed to answer or appear. On December 4, 2009, plaintiff filed a motion for default judgment seeking statutory damages along with costs and fees. Given the allegations that defendant is deemed to have admitted by default, and given the itemization of costs and fees that plaintiff has submitted, the Court awards damages along with costs and fees as described below.

## BACKGROUND

This case concerns defendant's conduct in attempting to collect on an alleged consumer debt. Because defendant did not appear in the case, and

because the complaint does not contain a lot of background information, details concerning this debt are not available to the Court. For example, the Court cannot determine from the information available what kind of debt defendant attempted to collect and whether it communicated that information to plaintiff; whether plaintiff acknowledges owing any kind of debt, and if so, whether she agrees with defendant's characterization of it; and whether the parties dispute the amount of the debt in question. Nonetheless, the complaint does allege that defendant continually called plaintiff demanding payment for this debt. During these telephone calls, according to the complaint, defendant repeatedly threatened plaintiff with legal action if immediate payment was not made, even though such legal action never ensued. Defendant also has called a third party, namely plaintiff's sister, and disclosed information to her about plaintiff's alleged debt. In the course of communicating with plaintiff, defendant allegedly committed several violations of the FDCPA, including the following: harassing and abusive conduct toward plaintiff; improper disclosure of debt information to a third party; and misrepresentations about plaintiff's legal situation, including threats to commence civil litigation without any intent actually to do so.

Defendant never answered the allegations in the complaint within the time required by Rule 12 of the Federal Rules of Civil Procedure. Accordingly, plaintiff requested an entry of default on October 13, 2009. The Clerk of the Court filed an entry of default on October 15, 2009. On December 4, 2009, plaintiff filed her

motion for default judgment. In the motion, plaintiff did not request an evidentiary hearing and did not seek actual damages. Plaintiff instead sought statutory damages, attorney fees, and the cost of filing the complaint.

## DISCUSSION

### *Liability*

"Federal Rule of Civil Procedure 55 is the basic procedure to be followed when there is a default in the course of litigation. And it tracks the ancient common law axiom that a default is an admission of all well-pleaded allegations against the defaulting party." *Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co.*, 373 F.3d 241, 246 (2d Cir. 2004) (citation omitted). Because defendant never answered or otherwise challenged the complaint, all allegations in the complaint are now deemed admitted. Nonetheless, "[w]hile a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages." *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992) (citations omitted). The Court thus must assess what an appropriate award might be, keeping in mind that plaintiff has not requested an evidentiary hearing or actual damages. Pursuant to FRCP 55(b)(2), the Court will exercise its discretion not to schedule an evidentiary hearing on its own initiative because of the straightforward nature of plaintiff's request for damages, costs, and fees.

3

### *Statutory Damages*

Section 1692k(a)(1) of the FDCPA provides for statutory damages of up to $1,000 per plaintiff. *See also Savino v. Computer Credit, Inc.*, 164 F.3d 81, 86 (2d Cir. 1998) ("All that is required for an award of statutory damages is proof that the statute was violated, although a court must then exercise its discretion to determine how much to award, up to the $1,000.00 ceiling.") (citations omitted). Here, plaintiff seeks the maximum amount of statutory damages given the frequency and nature of defendant's harassing conduct. "In determining the amount of liability in any action under subsection (a) of this section, the court shall consider, among other relevant factors . . . the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." 15 U.S.C. § 1692k(b)(1). In this case, defendant is deemed to have admitted to making harassing telephone calls on more than occasion; to making empty threats of litigation; and to disclosing alleged debt information improperly to a third party. Under these circumstances, the Court finds that an award of statutory damages in the amount of $250 will suffice to address all of the allegations now deemed admitted.

### *Costs and Attorney Fees*

The FDCPA authorizes successful litigants to receive "in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C.

§ 1692k(a)(3). The prevailing plaintiff in an FDCPA action is entitled to an award of reasonable attorneys' fees and expenses regardless of whether any statutory or actual damages are awarded. *See Savino*, 164 F.3d at 87; *Pipiles v. Credit Bureau of Lockport, Inc.*, 886 F.2d 22, 28 (2d Cir. 1989) (citation omitted). As to how district courts should calculate attorney fees when such an award is appropriate, this Court noted in a prior FDCPA case that

> A reasonable hourly rate is the "prevailing market rate," i.e., the rate "prevailing in the [relevant] community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 896 n.11, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984); *see also Cohen v. W. Haven Bd. of Police Comm'rs*, 638 F.2d 496, 506 (2d Cir. 1980) ("[F]ees that would be charged for similar work by attorneys of like skill in the area" are the "starting point for determination of a reasonable award."). The relevant community, in turn, is the district in which the court sits. *Polk v. New York State Dep't of Corr. Servs.*, 722 F.2d 23, 25 (2d Cir. 1983).
> Determination of the "reasonable hourly fee" requires a case-specific inquiry into the prevailing market rates for counsel of similar experience and skill to the fee applicant's counsel. *Farbotko v. Clinton County of New York*, 433 F.3d 204, 209 (2d Cir. 2005). This inquiry may include judicial notice of the rates awarded in prior cases, the court's own familiarity with the rates prevailing in the district, and any evidence proffered by the parties. *Id.* The fee applicant has the burden of showing by "satisfactory evidence" that the requested hourly rate is the prevailing market rate. *Blum*, 465 U.S. at 896 n.11.

*Fontana v. C. Barry & Assocs., LLC*, No. 06-CV-359, 2007 WL 2580490, at *2 (W.D.N.Y. Sept. 4, 2007) (Arcara, C.J.).

The Second Circuit revisited case law governing attorney fee calculations recently and explained that

> In [*Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 493 F.3d 110 (2d Cir. 2007), *amended on other grounds by*

5

> 522 F.3d 182 (2d Cir. 2008)], we undertook to simplify the complexities surrounding attorney's fees awards that had accumulated over time under the traditional "lodestar" approach to attorney's fees (the product of the attorney's usual hourly rate and the number of hours worked, which could then be adjusted by the court to set "the reasonable fee"), and the separate "Johnson" approach (a one-step inquiry that considered twelve specified factors to establish a reasonable fee). 493 F.3d at 114. Relying on the substance of both approaches, we set forth a standard that we termed the "presumptively reasonable fee." *Id.* at 118. We directed district courts, in calculating the presumptively reasonable fee, "to bear in mind all of the case-specific variables that we and other courts have identified as relevant to the reasonableness of attorney's fees in setting a reasonable hourly rate." *Id.* at 117 (emphasis in original). The presumptively reasonable fee boils down to "what a reasonable, paying client would be willing to pay," given that such a party wishes "to spend the minimum necessary to litigate the case effectively." *Id.* at 112, 118.

*Simmons v. N.Y. Trans. Auth.*, 575 F.3d 170, 174 (2d Cir. 2009).

Here, counsel for plaintiff have submitted an itemization of hours spent on this case. Two corrections to the itemization are necessary. First, plaintiff's itemization of time spent by non-attorneys requires a minor adjustment. The itemization as listed amounts to 2.6 hours, not 2.5 hours as stated in the summary, but the 0.2 hours accredited to a legal assistant will be disregarded. Plaintiff has not set forth a basis for the recovery of services performed by secretaries or legal assistants as opposed to attorneys or paralegals. Second, recent cases in this District set reasonable attorney rates in debt collection cases at $215 per hour for partners, $180 per hour for associates, and $50 per hour for paralegals. *See Clark v. Brewer, Michaels & Kane, LLC*, No. 09-CV-188, 2009 WL 3303716, at *3 (W.D.N.Y. Oct. 14, 2009) (Arcara, C.J.); *Berry v. Nat'l Fin.*

*Sys., Inc.*, No. 08-CV-18, 2009 WL 2843260, at *6 (W.D.N.Y. Aug. 27, 2009) (Arcara, C.J.); *Miller v. Midpoint Resolution Group, LLC*, 608 F. Supp. 2d 389, 395 (W.D.N.Y. 2009) (McCarthy, M.J.). The Court will apply these hourly rates to plaintiff's itemization of hours to arrive at the following calculations:

- 2.1 hours for Adam Krohn at $215 per hour, for a total of $451.50;
- 4.7 hours for Nicholas Bontrager at $180 per hour, for a total of $846; and
- 2.4 hours for paralegals at $50 per hour, for a total of $120.

Total attorney and paralegal fees, accordingly, add up to $1,417.50. Additionally, the Court endorses plaintiff's proposal to include in the amount of damages the cost of filing the complaint. All costs and fees thus amount to $1,767.50. Adding in the $250 award for statutory damages yields a total damages award of $2,017.50.

Other than the corrections noted above, the costs and fees that counsel claim to have incurred in this case appear reasonable. In assessing whether a reasonable, paying client looking to minimize expenses would be willing to pay for the hours claimed here, the Court bears in mind the provision of the FDCPA awarding attorney fees to successful litigants. Without that provision, a reasonable, paying client likely would not spend approximately $1,800 in costs and fees to obtain a damages award of $250. Factoring in that provision, however, a reasonable, paying client likely would endorse the investment of time that counsel claim here. Counsel's itemization, as corrected by the Court, shows

7

that a little more than nine hours were needed to litigate this case to its conclusion. That time is only a little over half of the amount of time needed in *Clark* without a hearing and in *Berry* outside of the evidentiary hearing that occurred in that case. Where a debt collector fails to appear in an FDCPA case, meaning that judgment as to liability is assured and an award of attorney fees is likely, a reasonable, paying client likely would want counsel to prosecute the case to a successful resolution.

## CONCLUSION

For all of the foregoing reasons, the Court awards plaintiff $250 in statutory damages and $1,767.50 in costs and fees, for a total award of $2,017.50.

Since all proceedings here now have concluded, the Clerk of the Court is directed to close this case upon entry of judgment.

SO ORDERED.

*s/ Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
CHIEF JUDGE
UNITED STATES DISTRICT COURT

DATED: December 22, 2009